UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
IN LOUISVILLE

CASE NO.

3:10-cv-292-H

LINDA HAUBER

PLAINTIFF

V.

James E. Vonsick
1800 Kentucky Home Life Building
P.O. Box 3145
Louisville, KY

Credit Clearinghouse of America,          DEFENDANTS
305 W. MARKET ST.
LOUISVILLE, KY 40202

## COMPLAINT AND DEMAND FOR JURY TRIAL

## I.  PRELIMINARY STATEMENT

1. This case is brought by an individual consumer for violations of the
Fair Debt Collection Practices Act 15 U.S.C. § 1692- 1692(o) ("FDCPA") which
expressly prohibits a debt collector from engaging in abusive, deceptive, and
unfair debt collection practices.

2. Plaintiff also asserts a pendant state law claim for conversion of
money and fraud/misrepresentation.

1

## II JURISDICTION

3. Jurisdiction in this court is invoked pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k (d). Jurisdiction over the state-court claims is invoked pursuant to 28 U.S.C. § 1367.

## III VENUE

4. Venue in the Western District of Kentucky is proper.

## IV PARTIES

5. Plaintiff ("Hauber") is a consumer as defined in the Act at 15 U.S.C. §1692a (3); she lives in Louisville, Jefferson County, Kentucky.

6. Defendants are debt collectors as defined in the Act at 15 U.S.C. §1692a (6) which regularly collect or attempt to collect debts owed or due or asserted to be owed or due another

7. Defendant James E. Vonsick ("Vonsick") is an individual attorney with his principle place of business in Louisville, Kentucky and on information and belief, he is licensed to practice law in the Commonwealth of Kentucky and uses mails, telephone or other instrumentality of interstate commerce in the process of doing business.

8. Defendant Credit Clearinghouse of America, Inc. ("Clearinghouse") is a Kentucky corporation, which has its principle place of business in Louisville, Kentucky and regularly engages in and transacts business in the Commonwealth of Kentucky and uses mails, telephone or other instrumentality of interstate commerce in the process of doing business.

2

9. The debt or debts the defendants were attempting to collect are consumer debts in that they allegedly originated from personal medical services.

## V. FACTUAL ALLEGATIONS

### A. THE PATTERN AND PRACTICE

10.    Vonsick and Clearinghouse participate together in a pattern and practice of suing debtors on behalf of a single vendor or vendors ("Claims in Litigation") and then tricking and/or intimidating the debtors into an agreement to pay additional claims ("Claims Not in Litigation").

11.    Many if not all the additional claims are either uncollectible due to the statute of limitations or so small that no suit would ever have been filed to collect on these claims.

12.    By the terms of the agreement, the debtors' payments are applied first to the "Claims Not in Litigation" before they are applied to the "Claims in Litigation," and the debtors agree that the statute of limitations on the non-litigation debts will restart as of the date of judgment "so that the (debtor) can make payments as agreed."

13.    In that way, even if the debtors pay the "claims in litigation" entirely, they can be garnished to pay the additional claims not part of the litigation.

### B. FACTS OF PLAINTIFF'S CASE

14.    Upon receiving a summons and Complaint April 8, 2009, filed by

3

Vonsick as attorney for Surgical Associates of Louisville, PSC, ("Surgical Associates") Hauber called Vonsick's office. A recording directed her to call another number, which turned out to be the telephone number of Credit Clearing House.

15.     A woman who called herself Rhonda, an agent and/or employee of Clearinghouse, told Hauber that if she entered into a payment plan and made voluntary payments on it, legal action would not be pursued and Hauber would therefore save on costs, interest and legal fees.

16.     Rhonda reported to Hauber that there were other outstanding ("non-legal") accounts to which her payments would first be applied. Hauber expressly refused; instead she disputed the existence of the other accounts and asked for written proof of her obligations.

17.     Hauber did agree to make payments on the $334.12 debt to the suing party Surgical Associates; she agreed to an initial payment of $118.16 by debit and agreed to make payments of $75 per month thereafter until paid.

18.     On April 10, 2009, Clearinghouse debited Hauber's bank account in four separate transactions that totaled $118.16.

19.     By letter dated April 14, 2009, Vonsick sent Hauber an Agreed Order to sign that included an agreement to pay an additional seven "non-judgment debt(s)".

20.     Hauber refused to sign the agreement, but did follow-up with

4

the agreed-upon payments on the Surgical Associates account - $75 on May 9, 2009, $75 on June 9, 2009 and $75 on July 9, 2009; these payments were made by check or money order and all specifically paid to the order of Surgical Associates and sent as directed to Vonsick's office.

21.    After having paid $343.16, Hauber believed that her debt to Surgical Associates was paid in full and she ceased making payments.

22.    By letter dated August 18, 2009, Vonsick informed Hauber that she still owed $693.78; most of her payments having been misapplied to the "Other Claims Not in Litigation" instead of to Surgical Associates.

23.    Plaintiff contacted Clearinghouse to explain that she had not agreed to pay the "Other Claims Not in Litigation" and that she believed her debt to Surgical Associates was paid in full.

24.    Vonsick responded by filing a Motion for Default Judgment on October 27, 2009, in which he certified to the Court that the amount due from (Hauber) was $334.12. He neglected to inform the court that Hauber had already paid $343.16.

25.    The Judgment was entered on November 30, 2009 and on December 14, 2009  Vonsick caused a garnishment to issue in which he misstated in his affidavit that Hauber still owed Surgical Associates $109.12 plus costs and interest.

26.    Plaintiff challenged the garnishment in court and Vonsick then released it voluntarily.

5

27.     Subsequently, Vonsick attempted to collect an additional $134.23 that he claimed was owed as follows: $81.00 costs, $52.61 interest and $00.62 remaining on the judgment.

28.     Hauber also subsequently received a bill from Surgical Associates claiming that she still had a balance of $109.12.

## VI CAUSES OF ACTION

### A.     FDCPA VIOLATIONS

29.     Plaintiff re-alleges and incorporates by reference as though fully set forth herein each and every allegation set forth above.

30.     Without limiting the scope of Defendants' liability, Defendants' conduct as enumerated herein violated the FDCPA, as follows:

A. Use of   false, deceptive or misleading representations or means in connection with the collection of any debt in violation of 15 USC §1692e;

B. Use of unfair and unconscionable means to collect a debt in violation of 15 USC §1692f;

C. Failure to provide statutory written notice in violation of 15 USC §1692g (a); and

E.  Applying Plaintiff's payments to other creditors whose accounts were in dispute and in disregard of her directions in violation of 15 USC §1692h.

6

31. Defendants' actions were intentional, willful and malicious and part of a calculated pattern and practice in violation of the FDCPA.

32. Hauber has suffered great frustration, humiliation, inconvenience and emotional distress as a direct result of Defendants' actions.

33. Defendants are liable to Hauber for actual, statutory and punitive damages and attorney's fees.

### B. CONVERSION OF MONEY

34. Plaintiff re-alleges and incorporates by reference as though fully set forth herein each and every allegation set forth above.

35. Defendants took money that Hauber had paid on her debt to Surgical Associates and misapplied that money to other accounts against her express instructions.

### C. FRAUD/MISREPRESENTATION

36. Plaintiff re-alleges and incorporates by reference as though fully set forth herein each and every allegation set forth above.

37. Clearinghouse misrepresented to Hauber that if she voluntarily paid the Surgical Associates account, legal action would not be pursued and Hauber would therefore save on costs, interest and legal fees.

38. Clearinghouse knew the statement was false or acted with reckless disregard for whether the statement false.

39. Clearinghouse intended for the Hauber to rely upon the misstatement of facts.

40. Hauber justifiably relied upon the misstatement of facts.

41. Hauber was harmed by her reliance on the misstatement of facts.

## PRAYER FOR RELIEF

Plaintiff prays for the following relief:

(A) for a judgment against Defendants for statutory damages;

(B) for a judgment against Defendants for all actual damages which she may be able to prove, including emotional distress, embarrassment, inconvenience and any other incidental and consequential damages and any additional pecuniary loss she may have suffered;

(C) for a judgment against Defendants for punitive damages;

(D) for payment of reasonable attorney's fees incurred by counsel for the plaintiff in connection with the successful prosecution of this claim;

(E) for reimbursement for all costs and expenses incurred in connection with the successful prosecution of this claim;

(F) for a trial by jury on all appropriate issues; and,

(G) for any and all other relief this Court may deem appropriate

Respectfully submitted by:

8

_____
*/s/*Ellen G. Friedman
Ellen G. Friedman
Attorney for Plaintiff
125 S. 6th St, Ste. 300
Louisville, Ky. 40202
(502)587-2000
(502) 587-1126 facsimile
efried@iglou.com